IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | : | CRIMINAL ACTION NO. 1:12-CR-9 |
| | : | |
| v. | : | (Chief Judge Conner) |
| | : | |
| **JAMAEL STUBBS,** | : | |
| | : | |
| **Defendant** | : | |

# MEMORANDUM

Jamael Stubbs ("Stubbs") is a *pro se* federal prisoner seeking reconsideration of his sentence on collateral review. We denied Stubbs' first habeas motion brought under 28 U.S.C. § 2255 and the Third Circuit affirmed. Stubbs now files a "Rule 15" motion or, alternatively, a "Rule 60(b)" motion asking us to revisit his sentence in light of Dean v. United States, 581 U.S. ___, 137 S. Ct. 1170 (2017). The government opposes Stubbs' motion and argues that it is an improper successive petition under 28 U.S.C. § 2255. We will dismiss the motion.

## I. Factual Background & Procedural History

A jury convicted Stubbs of armed bank robbery and use of a firearm during the armed bank robbery. (Doc. 179). He was sentenced to 154 months' imprisonment. (Doc. 229). The Third Circuit affirmed his conviction and sentence on direct appeal. See United States v. Stubbs, 578 F. App'x 114 (3d Cir. 2014) (nonprecedential). Stubbs then filed a *pro se* motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255, asking us to vacate his conviction and sentence. (Doc. 300). We denied that motion and also denied his subsequent request for a certificate of appealability. (Docs. 342, 343). Stubbs appealed. (Doc. 345).

In his application to the Third Circuit for a certificate of appealability, Stubbs gave several reasons for why he believed our decision was wrong. See *Pro Se* Application for Certificate of Appealability, United States v. Stubbs, 757 F. App'x 159 (3d Cir. Dec. 28, 2018) (No. 17-1539); Petitioner's Counseled Application for Certificate of Appealability, Stubbs, 757 F. App'x 159 (No. 17-1539). Relevant here, Stubbs argued that Dean—which was decided after we denied his initial 2255 motion—rendered his sentence unconstitutional and a violation of his due process rights. See Petitioner's Counseled Application for Certificate of Appealability at 14-20, Stubbs, 757 F. App'x 159 (No. 17-1539). The Third Circuit issued a certificate of appealability on the separate question of whether trial counsel was constitutionally ineffective by failing to preserve either a sentencing challenge or a constructive amendment claim under Alleyne v. United States, 570 U.S. 99 (2013). (Doc. 351-1). It denied a certificate of appealability on the Dean question "without prejudice to the filing of a motion seeking relief in the District Court." (Id. at 2).

Stubbs then filed a "Rule 15" motion in this court, asking us to find that Dean renders his sentence unconstitutional. (Doc. 351 at 2-6). The government opposes the motion, claiming that it improperly cites Rule 60 standards and should be construed as a successive 2255 motion, not a Rule 15 motion to amend. (Doc. 359). In reply, Stubbs asks us to treat his "Rule 15" motion as a "Rule 60(b) Motion if that is the proper vehicle to attain justice." (Doc. 360 at 2). After Stubbs filed his reply, the Third Circuit affirmed our earlier denial of Stubbs' 2255 motion. See Stubbs, 757 F. App'x 159. Briefing is complete and Stubbs' motion is ripe for disposition.

2

## II. Discussion

At its core, Stubbs' motion asks us to revisit his sentence in light of the Supreme Court's recent decision in Dean v. United States, 581 U.S. ___, 137 S. Ct. 1170 (2017). Stubbs styles his motion as a Rule 15 motion to amend or, alternatively, a Rule 60(b) motion to vacate. (See Docs. 351, 360). As with all *pro se* cases, we construe Stubbs' filings liberally and "look behind the label" of his motion to determine its true aim. United States v. Miller, 197 F.3d 644, 648 (3d Cir. 1999) (citation omitted). Yet whether Stubbs' filing is a Rule 15 or Rule 60(b) motion, we conclude that it is a disguised successive petition that must be authorized by the Third Circuit Court of Appeals.

District courts lack jurisdiction to entertain a Rule 15 motion to amend after a notice of appeal is filed challenging the denial of a prisoner's initial habeas motion. United States v. Santarelli, 929 F.3d 95, 106 (3d Cir. 2019) (citing Griggs v. Provident Consumer Disc. Co., 459 U.S. 56, 58 (1982)). When, like here, the prisoner "exhausts [his] appellate remedies to no avail, the district court should refer the 'motion to amend' to the court of appeals as a 'second or successive' habeas petition." Id. Because the Third Circuit affirmed our denial of Stubbs' initial 2255 motion without remand,[1] Stubbs' attempt to add a new claim under Rule 15 must be treated as a

---

[1] In its partial denial of a certificate of appealability, the Third Circuit denied Stubbs' request for relief based on Dean "without prejudice to the filing of a motion seeking relief in the District Court." (Doc. 351-1 at 2). Without clearer language, we will not treat this as a formal remand. Were it truly a remand, the Court would have said so in its affirmation of our decision on Stubbs' first 2255 motion. Or it would have stayed proceedings pending our resolution of the Dean question. It did neither.

3

successive motion. Analyzing Stubbs' motion under Rule 60(b) would not change our conclusion. Rule 60(b) motions that assert new grounds for relief after the dismissal of a prisoner's initial habeas motion are treated as successive motions. See Gonzalez v. Crosby, 545 U.S. 524, 532 (2005); Pridgen v. Shannon, 380 F.3d 721, 727 (3d Cir. 2004).[2]

"When a second or successive habeas petition is erroneously filed in a district court without the permission of a court of appeals, the district court's only option is to dismiss the petition or transfer it to the court of appeals pursuant to 28 U.S.C. § 1631." Robinson v. Johnson, 313 F.3d 128, 139 (3d Cir. 2002). As relevant here, the Third Circuit can certify a successive habeas petition if the petition establishes a "new rule of constitutional law, made retroactive to cases on collateral review *by the Supreme Court*, that was previously unavailable." 28 U.S.C. § 2255(h)(2) (emphasis added). The Supreme Court did not explicitly make Dean retroactive, and courts that have addressed this issue have concluded that Dean is not retroactive. See, e.g., Thomas v. United States, No. 16-3835, 2019 WL 3815671, at *3-4 (D.N.J. Aug. 14, 2019) (collecting cases); see also Tyler v. Cain, 533 U.S. 656, 668 (2001) (O'Connor, J., concurring). Therefore, because we have doubts as to Stubbs' ability to clear Section 2255's gatekeeping provisions, we do not believe the "interest of justice" warrants transfer. 28 U.S.C. § 1631. We will accordingly dismiss Stubbs' motion.

---

[2] Gonzalez limited its holding to state habeas petitions under 28 U.S.C. § 2254. Id. at 529 n.3. Courts, however, routinely apply Gonzalez in the 2255 context. See, e.g., United States v. Donahue, 733 F. App'x 600, 603 n.3 (3d Cir. 2018) (nonprecedential); United States v. Golson, No. 1:10-CR-339, 2017 WL 1344640, at *2 n.2 (M.D. Pa. Apr. 12, 2017) (collecting cases).

4

This decision in no way precludes Stubbs from filing an application for leave to file a second or successive motion directly with the Third Circuit.

**III.   Conclusion**

The court will dismiss Stubbs' motion (Doc. 351) for lack of jurisdiction. An appropriate order shall issue.

       /S/ CHRISTOPHER C. CONNER
Christopher C. Conner, Chief Judge
United States District Court
Middle District of Pennsylvania

Dated:    October 16, 2019